[Civ. No. 31236.   Second Dist., Div. Five.   Mar. 25, 1968.]

RICHARD ROGERS, Plaintiff and Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant and Appellant.

Hunter & Hunter and Clark Mangum Hunter for Defendant and Appellant.

Morse, Cosgrove, Michelizzi & Schwabacher and Philip M. Schwabacher for Plaintiff and Respondent.

HUFSTEDLER, J.—Defendant, United States Fidelity and Guaranty Company ("Fidelity"), appeals from a judgment awarding plaintiff Rogers damages for breach of an insurance contract between them.

Fidelity contends that the evidence did not support the trial court's finding that Rogers had performed the conditions imposed upon him by the insurance contract. The premise of Fidelity's argument is that paragraph 8[1] of a rider to the policy required Rogers to keep an inventory of all of his stamps and coins which were insured and that the uncontradicted evidence establishes that Rogers failed to do so. For reasons hereinafter discussed we hold that paragraph 8 did not become a part of the insurance contract and therefore the evidence adequately sustained the trial court's challenged finding and hence the judgment.

### Summary of the Record

Rogers sued Fidelity and Fidelity's agent, Demers, alleging a cause of action against Fidelity for breach of its insurance contract and against both Fidelity and Demers for damages resulting from Demers's negligence in failing to advise Rogers about the meaning of the policy. The complaint is not a model of good pleading. The first count alleges a cause of action for breach of the insurance contract. The "second cause of action" consists of allegations of special damages, loss of profits, alleged to have been caused by the breach of contract pleaded in the "first cause of action." It is, of course, an extension of the first count and not a separate cause of action. The third "cause of action" repleads the allegations of the first count and adds facts, relating both to Fidelity and to Demers, charging each with negligence resulting in damage to Rogers in the event that Rogers failed to recover on the contract theory.

The trial court found that Rogers sustained losses totaling $3,565.61 within the risks of loss insured by Fidelity while the policy was in full force and effect and "that plaintiff Richard Rogers performed all the conditions on his part to be performed under the policy." The court further found that Rogers did not sustain any loss of profits caused by Fidelity's breach of contract; that Demers was Fidelity's agent; and that "Demers did not fail to advise plaintiff concerning the

---

[1] "8 Records The insured shall keep an accurate record of all merchandise insured hereunder. All such records ahll [sic] be open for inspection by an authorized representative of the company at all reasonable times during the policy period and for one year thereafter."

terms of insurance coverage insofar as it was his obligation to do so, and that plaintiff did not suffer any damage as the result of any acts or failure to act on the part of defendant Demers.''

Judgment was accordingly entered for Rogers against Fidelity and in favor of Demers against Rogers. No appeal has been taken from the judgment in favor of Demers.

■ It is unnecessary to discuss the evidence except as it relates to the question whether or not paragraph 8 of the rider was a part of the insurance contract. Paragraph 8 is found on the second page of a two-page rider entitled, ''Coin & Stamp Dealers Floater.'' The physical condition of the rider almost has to be seen to be believed. The first page of the rider has an allonge affixed to the bottom of the page by Scotch tape and two staples. The staples not only clip the allonge to the first page, but also fasten together the first and second pages of the rider. Two more staples driven through the upper left- and right-hand corners of the rider further clamp the two pages of the rider to one another. Without removing the staples it is possible to read the second page of the rider if one presses the two pages apart, forming a cylinder, and reads the text of the second page sideways. The first page of the rider appears to be complete on its face; the language of the allonge completes the text of the last-numbered clause on the page.

Rogers testified that at the time the policy was delivered to him, it was in substantially the same condition as it was when it was introduced into evidence, ''except it came unstapled in one section.'' Demers handed Rogers the policy and told him to read it. Rogers testified, ''I noted that it was stapled together and I asked, 'Why is this piece stapled together?' and he said something about, 'That covers the rider,' whatever that meant, so I disregarded what was underneath at the time and just glanced at the back, and I folded it up and then put it away.'' He assumed that the second page of the rider did not pertain to him. It was not called to Rogers's attention and he never read it until after the theft occurred and Fidelity asserted paragraph 8 to avoid liability.

### Concealed Condition

Fidelity could not rely upon the condition found on the second page of the rider. Contractual terms in minute type have sometimes been enforced.[2] But the ophthalmological

---

[2]Mellinkoff, *How to Make Contracts Illegible* (1953) 5 Stan.L.Rev. 418, 419-420, collects the authorities under the heading, the ''Squint Cases.''

talents courts have sometimes ascribed to a contracting party do not include periscopic vision.

The trial court could properly conclude from the evidence that the second page of the rider never became an effective part of Fidelity's contract of insurance with Rogers. With the deletion of the second page of the rider, there is no foundation for Fidelity's argument that the failure of Rogers to perform the terms of paragraph 8 foreclosed his recovery. Fidelity does not challenge the sufficiency of the evidence to support the remaining findings of the trial court.

The judgment is affirmed.

Stephens, J., and Aiso, J. pro tem.,* concurred.

*Assigned by the Chairman of the Judicial Council.